UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WAYMAN NEWMAN,
on behalf of himself and
all others similarly situated,

    Plaintiff,

v.

LUVATA APPLETON LLC,

    Defendant

Case No. 22-cv-942

## JOINT MOTION FOR PRELIMINARY SETTLEMENT APPROVAL

Plaintiff, Wayman Newman, on behalf of himself and all others similarly-situated, and Defendant, Luvata Appleton, LLC, jointly move this Court for preliminary approval of the settlement in this matter in accordance with the parties' executed settlement agreement, titled "Class Action Settlement Agreement," attached hereto as **Exhibit 1** (hereinafter simply "Settlement Agreement").

For settlement purposes only, the parties seek certification of a collective under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b), and certification of a class under Wisconsin's Wage Payment and Collection Laws, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, Wis. Admin. Code § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* ("WWPCL") and FED. R. CIV. P. 23 ("Rule 23"). The Putative FLSA Settlement Class is defined as all current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin between August 17, 2020 and August 17, 2022

as further identified in **Exhibit A**. (Exhibit 1, ¶¶ 1.2, 1.26.) Likewise, the putative WWPCL Class is defined as all current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin between August 17, 2020 and August 17, 2022 as further identified in **Exhibit A**. (*Id.* at ¶¶ 1.1, 1.26)

In accordance with the Settlement Agreement, the FLSA Collective will consist of those members of the putative Settlement Class who timely submit a valid Consent to Join Form pursuant to the terms of the Settlement Agreement and the Notice Packet, (Exhibit 1, ¶¶ 1.2, 1.26), and the WWPCL Class will consist of those members of the putative Settlement Class who do not exclude themselves from the settlement in accordance with the instructions in the Notice Packet. (*Id.* at ¶¶ 1.1, 1.26)

The parties believe that the Settlement Agreement is fair, reasonable, and adequate because it fully satisfies this Court's criteria for collective and class action, and upon approval, the Notice Packet attached as **Exhibit B** to the Settlement Agreement will be sent to members of the putative Settlement Class via first-class U.S. Mail.

As such, the parties respectfully request that this Court:

1. Preliminarily approve the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute;

2. Certify, for settlement purposes only, this case as a collective action under 29 U.S.C. § 216(b) of the Fair Labor Standards Act and a class action under Rule 23 of the Federal Rules of Civil Procedure;

3. Appoint Wayman Newman as Class Representative;

4. Appoint Walcheske & Luzi as Class Counsel;

5. Approve the Notice Packet and Consent to Join Form in the form set forth in **Exhibit B** of the Settlement Agreement for distribution to all members of the putative Settlement Class;

6. Find that the Notice Packet to be given constitutes the best notice practicable under the circumstances, including individual notices to all putative Settlement Class

members who can be identified with reasonable effort, and constitutes valid, due, and sufficient notice to putative Settlement Class members, in full compliance with the requirements of applicable law, including the Due Process Clause of the United States Constitution;

7. Direct that each member of the Putative Settlement Classes who wishes to be excluded from the Settlement Class must exclude him or herself no later than thirty (30) calendar days after the mailing of the Notice Packet ("Notice Period"), per the instructions set forth in the Notice Packet and that such exclusion must be received by the dates set forth in the Court's Preliminary Approval Order;

8. Direct that any member of the putative Settlement Class who wishes to object to the Settlement must provide such objection, as set forth below, within thirty (30) calendar days after the mailing of the Notice Packet;

9. Direct that any member of the putative FLSA Collective who wishes to participate in the Settlement and to receive compensation under the terms of this Agreement must submit a Consent to Join Form during the Notice Period.

10. Direct that any member of the putative FLSA Collective who timely submits a Consent to Join Form during the Notice Period and who becomes part of the FLSA Collective will be bound by this Agreement and shall release all FLSA claims in the event the Court issues a Final Order approving the Settlement;

11. Direct that any member of the WWPCL Class who does not exclude him or herself during the Notice Period per the instructions set forth in the Notice Packet will be bound by this Agreement and shall release all WWPCL claims in the event the Court issues a Final Order approving the Settlement;

12. Schedule a Fairness Hearing in approximately one hundred (100) days to determine whether the Settlement Agreement should be finally approved as a fair, reasonable, and adequate resolution of a *bona fide* wage dispute, and whether the proposed Final Order Approving the Settlement should be entered;

13. Direct that Class Counsel shall file any remaining Motions – including a Motion for Attorneys' Fees and Costs, a Motion for Plaintiff's Service Payment, and a Motion for Final Settlement Approval – at least twenty-one (21) calendar days prior to the Fairness Hearing and that the Court shall determine at the Fairness Hearing the amount of any Service Payment, attorneys' fees, costs and administration-related fees and costs that shall be awarded to Class Counsel; and

14. Direct that any member of the putative Settlement Class who wishes to object to the Motion for Attorneys' Fees and Costs, Motion for Plaintiff's Service Payment, and/or Motion for Final Settlement Approval – file the same at least fourteen (14) calendar days prior to the Fairness Hearing in accordance with the instructions set forth in the Notice Packet.

Dated this 24th day of April, 2023

| | |
|---|---|
| **s/** ***David M. Potteiger*** | **s/** ***Greg B. Gill, Sr.*** |
| James A. Walcheske, WI SBN 1065635 | Greg B. Gill, Sr., WI SBN 1015838 |
| Scott S. Luzi, WI SBN 1067405 | |
| David M. Potteiger, WI SBN 1067009 | |
| | |
| WALCHESKE & LUZI, LLC | GILL & GILL, S.C. |
| 235 North Executive Drive, Suite 240 | 501 S. Nicolet Road |
| Brookfield, Wisconsin 53005 | Appleton, Wisconsin 54914 |
| | |
| Telephone: (262) 780-1953 | Telephone: (920) 739-1107 |
| | |
| E-mail: jwalcheske@walcheskeluzi.com | E-mail: gillsr@gillandgillsc.com |
| E-mail: sluzi@walcheskeluzi.com | |
| E-mail: dpotteiger@walcheskeluzi.com | |
| | |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |