UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
GREEN BAY DIVISION

WAYMAN NEWMAN,
on behalf of himself and
all others similarly situated,

       Plaintiff,

v.

LUVATA APPLETON LLC,

       Defendant

Case No. 22-cv-942

## JOINT MOTION FOR FINAL SETTLEMENT APPROVAL

Plaintiff, Wayman Newman, on behalf of himself and all others similarly situated, and Defendant, Luvata Appleton LLC, jointly move this Court for final approval of the settlement in this matter in accordance with the parties' fully executed "Settlement Agreement and Release" ("Agreement"). (ECF No. 25-1.)

Accordingly, the parties request that the Court, in an Order issued on or after August 7, 2023:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Wayman Newman as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Find that the Defendant has complied with the notice requirements of the Class Action Fairness Act; and

7. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims as set forth in the Agreement.

## SETTLEMENT BACKGROUND, NOTICE, AND PARTICIPATION

On April 24, 2023, the parties filed their Joint Motion for Preliminary Approval of Class Action Settlement and Class Certification for the Purposes of Settlement, (ECF No. 25), and their fully executed "Settlement Agreement and Release." (ECF No. 25-1.)

For settlement purposes only, the parties sought certification of a collective under the FLSA, 29 U.S.C. § 216(b), defined as follows (hereinafter the "FLSA Collective"):

> All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin between August 17, 2020 and August 17, 2022.

("Collective Members") (*See* ECF No. 25-1 §§ 1.2, 1.26.)

For settlement purposes only, the parties also sought certification of a class under WWPCL, WIS. STAT. § 109.01 *et seq.*, WIS. STAT. § 104.01 *et seq.*, WIS. STAT. § 103.001 *et seq.*, WIS. ADMIN. CODE § DWD 274.01 *et seq.*, and WIS. ADMIN. CODE § DWD 272.001 *et seq.* and Rule 23, defined as follows (hereinafter, the "WWPCL Class"):

> All current and former hourly-paid, non-exempt employees employed by Defendant in the State of Wisconsin between August 17, 2020 and August 17, 2022.

("Class Members") (*See* ECF No. 25-1 §§ 1.1, 1.26.)

On May 27, 2022, this Court preliminarily approved the parties' settlement. (ECF No. 26.) Among other things, the Court:

(1) Preliminarily approved the Settlement Agreement as a fair, reasonable, and adequate resolution of a *bona-fide* dispute under the FLSA and the WWPCL;

(2) Appointed, for settlement purposes only, Plaintiff's Counsel, Walcheske & Luzi, LLC, as Class Counsel for the FLSA Collective and WWPCL Class;

(3) Appointed, for settlement purposes only, Wayman Newman as the Class Representative for the FLSA Collective and WWPCL Class;

(4) Approved the parties' "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class in a form that was substantially similar to that which is attached to the Settlement Agreement as Exhibit B;

(5) Approved the distribution method of the "Notice of Class and Collective Action and Proposed Settlement" sent to members of the Settlement Class as the best notice practicable under the circumstances, consistent with due process, and as valid and sufficient notice in accordance with applicable law;

(6) Ordered that members of the WWPCL Class have thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to opt-out of the WWPCL Class; and

(7) Ordered that any member of the FLSA Collective who wishes to participate in the Settlement has thirty (30) calendar days after the date of the mailing of the "Notice of Class and Collective Action and Proposed Settlement" to file a Consent to Join Form.

The Court has scheduled a Fairness Hearing for Thursday, August 4, 2023 at 10:00 a.m.

On June 10, 2023, Plaintiff's counsel sent the "Notice of Class and Collective Action and Proposed Settlement" via U.S. Mail to two hundred and thirty-three (233) members of the Settlement Class. (Declaration of David M. Potteiger ("Potteiger Decl."), ¶14.) Settlement Class Members had thirty (30) calendar days after June 10, 2023 – or until July 10, 2023 – to opt-in to the FLSA Collective or to otherwise exclude themselves from the WWPCL Class. (*Id.*) By the end of the Notice Period, one hundred and thirty-seven (137) individuals consented to join the FLSA Collective and none elected to exclude themselves from the WWPCL Class. (*Id.*)

In total, there are two hundred and thirty-three (233) individuals who are WWPCL Class members, including Plaintiff. (*Id.*) There are a total of one hundred and thirty-seven (137) individuals who opted-in to the FLSA collective, including Plaintiff. (*Id.*) To date, counsel for the

parties have not received any objections to the settlement and are unaware of any opposition to the settlement. (*Id.* at ¶ 17.)

## COMPLIANCE WITH THE CLASS ACTION FAIRNESS ACT

Under the Class Action Fairness Act, 28 U.S.C. § 1715 ("CAFA"), an order giving final approval of a proposed settlement of a class action may not be issued earlier than 90 days after later of the dates on which the appropriate Federal official and appropriate State official, as defined under the statute, are served with appropriate notice. 28 U.S.C. § 1715(d). As set forth in the accompanying Declaration of Robert J. Fluskey, Jr., the Defendant served the appropriate Federal and State officials on May 9, 2023. Accordingly, provided the Court issues this Order on or after August 7, 2023, the Final Approval Order will be in compliance with CAFA. *See Adoma v. Univ. of Phoenix, Inc.,* 913 F. Supp. 2d 964, 973 (E.D. Cal. 2012).

## REMAINING PROCEDURE TO CONCLUDE THIS LITIGATION

Upon final approval of the parties' settlement by this Court, Defendants' counsel will provide Plaintiff's counsel with settlement checks for the Settlement Class within forty-five (45) calendar days of the Court's Order entry. (ECF No. 25-1 § 2.3.) Once Plaintiff's counsel receives the settlement checks from Defendant's counsel, Plaintiff's counsel will send the settlement checks to the Settlement Class via U.S. Mail as soon as practicable. (*Id.*) Settlement Class Members will have one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks (otherwise the individual settlement checks and amounts will revert to and be retained by Defendant). (*Id.* at § 2.4.)

# ARGUMENT

## I. FINAL SETTLEMENT APPROVAL STANDARD

A court may approve of the settlement of a FED. R. CIV. P. 23 class action if: (1) the individual class members are afforded a new opportunity to request exclusion from the settlement; (2) a hearing has been conducted; and (3) the court finds that the settlement is fair, reasonable, and adequate. FED. R. CIV. P. 23(e). In making this determination, the court "must weigh the probabilities of victory or defeat as indicated by the legal or factual situation presented and determine whether the compromise, taken as a whole, is in the best interests" of the class/collective members. *United Founders Life Ins. Co. v. Consumers National Life Ins. Co.*, 447 F.2d 647, 655 (7th Cir. 1971) (internal quotations omitted).

The Seventh Circuit considers other factors when determining whether a proposed class action settlement is fair, adequate, and reasonable, such as: (a) the strength of the plaintiff's case, weighed against the settlement offer; (b) the complexity, length, and expense of further litigation; (c) the presence or absence of collusion between the parties; (d) the opinion of competent counsel; (e) the reaction of class members to the proposal; and (f) the stage of proceedings and discovery completed. *Armstrong v. Bd. of Sch. Dirs. of the City of Milwaukee*, 616 F.2d 305, 314 (7th Cir. 1980), *overruled on other grounds by Felzen v. Andreas*, 134 F.3d 873, 875 (7th Cir. 1998), *aff'd sub nom. California Pub. Employees' Ret. Sys. v. Felzen*, 525 U.S. 315 (1999)). Ultimately, resolution of class action litigation by settlement is favored. *Isby v. Bayh*, 75 F.3d 1191, 1996 (7th Cir. 1996).

## II. FINAL SETTLEMENT APPROVAL IS APPROPRIATE IN THIS CASE

This case involves a *bona fide* dispute over whether Defendant violated the FLSA and the WWPCL as alleged by Plaintiff, including disputes on liability, class and collective certification,

and damages. The ultimate resolution of this matter was reached with arm's length settlement negotiations between counsel for the parties. (Potteiger Decl., ¶¶ 9-13.) During this time, counsel for the parties communicated and engaged in substantive discussions and debates with each other regarding legal authority relevant to Plaintiff's cause(s) of action and Defendant's defenses, and discussed the monetary and non-monetary terms and conditions of settlement, as well as the timelines, processes, and procedures of settlement. (*Id*.) Those negotiations have resulted in the parties' finalized and fully-executed Agreement. (ECF No. 25-1, *passim*.)

Throughout the litigation of the case, the parties thoroughly investigated and analyzed both the merits of Plaintiff's claims against Defendant under the FLSA and the WWPCL as well as Defendant's potential exposure. (Potteiger Decl., ¶¶ 9-13.) While Plaintiff maintains a strong belief in his position on liability, class and collective treatment, and damages, he also recognizes the potential issues on which he would be required to prevail if the case proceeded to trial, including: establishing that Defendant had a uniform policy in practice which failed to compensate Settlement Class Members for pre- and post-shift work performed; establishing that the WWPCL Class and the FLSA Collective actually are similarly-situated to Plaintiff for purposes of final certification; proving that Defendant did not act in good faith; and showing that Defendant willfully violated the FLSA for a three-year statute of limitations to apply. Failure to succeed on any of these issues would likely result in material adverse effects on Plaintiff's claims, if not bar recovery in total. (*Id*. at ¶ 12.)

Considering the number of issues faced, Plaintiff recognized that the prospect of expeditious resolution outweighed the continued time, effort, expense, and risk of litigation for both parties, including the substantial and almost immediate prospect of additional and continued

discovery, depositions, document review and production, and the filing of certification, de-certification, and dispositive motions. (*Id*.)

Further, the time and investment in continued litigation would be substantial. The parties were preparing to embark on significant discovery immediately before settlement including depositions and engagement of expert witnesses that would have required substantial financial investment from the parties and their counsel before dispositive motions and trial. (*Id*. at ¶ 13.) Even if Plaintiff were to prevail at trial, there is still the prospect that Defendant would appeal any number of the issues mentioned and only further delay any recovery for Plaintiff. (*Id.*)

Ultimately, Plaintiff's counsel believes that this is an excellent result for Plaintiff and the Settlement Class. The monetary value for each individual member of the Settlement Class was calculated by determining the amount of unpaid wages for a representative sample of Settlement Class Members over a period of two (2) year period assuming a straight time rate of $31.00 per hour. (*Id*. at ¶ 13.) The total Settlement Class damages were then approximated commensurate with litigation risk. Regarding the FLSA Collective, the allocation of payments to these members was determined by first dividing the total hours paid by Defendant to each FLSA Collective Member during the Relevant Period by the total hours paid by Defendant to all Settlement Class Members during the Period and then multiplying the product thereof by fifty percent (50%). (*Id*.) As it relates to the WWPCL Class, the allocation of payments to these members was determined by first dividing the total hours paid by Defendant to each WWPCL Class Member during the Relevant Period by the total hours paid by Defendant to all Settlement Class Members during the Period and then multiplying the product thereof by fifty percent (50%). (*Id*.)

The Parties agree that these amounts constitute a reasonable and adequate recovery of a *bona fide* wage dispute, based upon the Parties' evaluation of Defendant's payroll and time records

and the risks of continued litigation. (*Id.*, *passim*.) Beyond this, the Settlement Agreement is structured to maximize payment to participating members of the Settlement Class by automatically issuing payments for individuals who do not exclude themselves from the Rule 23 Class because these payments are made without any requirement to file a claim.

### III. PLAINTIFF'S SERVICE AWARD PAYMENT AND PLAINTIFF'S COUNSEL'S ATTORNEYS' FEES AND COSTS

In anticipation of the Fairness Hearing in this matter and in support of these awards and payments, Plaintiff's counsel has concurrently filed a Motion for Approval of Plaintiff's Service Award and Petition for Approval of Attorneys' Fees and Costs, contemporaneously herewith, and Defendant has agreed not to oppose these motions and further agrees that the amounts requested are fair and reasonable. (ECF No. 25-1 §§ 3.2(A) and 3.3(A).)

## **CONCLUSION**

For all of the reasons above, the parties respectfully request that this Court, in an Order issued on or after August 7, 2023:

1. Certify the WWPCL Class pursuant to FED. R. CIV. P. 23 and the FLSA Collective pursuant to 29 U.S.C. § 216(b);

2. Approve the Agreement as fair, reasonable, and adequate as it applies to the WWPCL Class and FLSA Collective;

3. Appoint Wayman Newman as Class Representative for the WWPCL Class and FLSA Collective;

4. Appoint Walcheske & Luzi, LLC as counsel for the WWPCL Class and FLSA Collective;

5. Declare the Agreement to be binding on the Parties;

6. Find that the Defendant has complied with the notice requirements of the Class Action Fairness Act.

7. Dismiss with prejudice the WWPCL Class and FLSA Collective members' released claims;

8. Approve the settlement payments to the Settlement Class;

9. Instruct Defendants' counsel to provide Plaintiff's counsel with settlement checks for the Settlement Class within forty-five (45) calendar days of this Order;

10. Instruct Plaintiff's counsel to send the settlement checks to the Settlement Class via U.S. Mail following receipt of the settlement checks from Defendants' counsel;

11. Instruct that the Settlement Class has one hundred and twenty (120) days from the date of mailing to cash their individual settlement checks, otherwise the individual settlement checks and amounts will revert to and be retained by Defendant;

12. Grant Plaintiff's unopposed request for approval of his attorneys' fees and case-related costs which the parties have stipulated and agreed are reasonable; and

13. Grant Plaintiff's unopposed request for approval his service award which the parties have stipulated and agreed is reasonable.

Dated this 14th day of July, 2023

| | |
|---|---|
| *s/ David M. Potteiger* | *s/ Greg B. Gill, Sr.* |
| James A. Walcheske, WI SBN 1065635 | Greg B. Gill, Sr., WI SBN 1015838 |
| Scott S. Luzi, WI SBN 1067405 | |
| David M. Potteiger, WI SBN 1067009 | |

| | |
|---|---|
| WALCHESKE & LUZI, LLC<br>235 North Executive Drive, Suite 240<br>Brookfield, Wisconsin 53005<br><br>Telephone: (262) 780-1953<br><br>E-mail: jwalcheske@walcheskeluzi.com<br>E-mail: sluzi@walcheskeluzi.com<br>E-mail: dpotteiger@walcheskeluzi.com<br><br>*Attorneys for Plaintiff* | GILL & GILL, S.C.<br>501 S. Nicolet Road<br>Appleton, Wisconsin 54914<br><br>Telephone: (920) 739-1107<br><br>E-mail: gillsr@gillandgillsc.com<br><br><br><br>*Attorneys for Defendant* |